**BARTON GILMAN LLP**
165 Passaic Avenue, Suite 107
Fairfield, New Jersey 07004
T: (973) 256-9000
*Attorneys for Defendant, Walmart Inc.*

| | |
|---|---|
| CAROL D. LEVINE<br><br>                     Plaintiff,<br><br>vs.<br><br>WALMART INC., JOHN/JANE DOES 1-10 and ABC CORPORATIONS 1-10,<br><br>                     Defendants. | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**<br><br>Case 3:23-cv-02303-ZNQ-DEA<br><br>**ANSWER AND SEPARATE DEFENSES TO COMPLAINT, CROSS-CLAIMS, ANSWER TO ALL CROSS-CLAIMS, REQUEST FOR ALLOCATION** |

Defendant Walmart Inc, and hereinafter referred to as ("Wal-Mart"), by way of Answer to Plaintiff's Complaint (the "Complaint"), states as follows:

## THE PARTIES

1.      Except to admit that Wal-Mart was the operating entity at the store located at 1300 U.S. 22 in the Phillipsburg, New Jersey, Wal-Mart denies the allegations contained in Paragraph 1 of the Complaint.

2.      Wal-Mart states that no response is required to the allegations contained in Paragraph 2 of the Complaint, as same are not directed to Wal-Mart.  To the extent a response is required, Wal-Mart denies the allegations contained in Paragraph 2 of the Complaint.

## FACTUAL ALLEGATIONS

3.      Except to admit that Wal-Mart was the operating entity at the store located at 1300 U.S. 22 in the Phillipsburg, New Jersey, Wal-Mart denies the allegations contained in Paragraph 3 of the Complaint.

4.      Wal-Mart states that no response is required to the allegations contained in Paragraph 4 of the Complaint, as same set forth conclusions of law, and not statements of fact. To the extent a response is required, Wal-Mart denies the allegations contained in Paragraph 4 of the Complaint.

5.      Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.      Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

## **FIRST COUNT**
### **(Negligence)**

8.      Wal-Mart states that no response is required to the allegations contained in Paragraph 8 of the First Count of the Complaint, as same are not directed to Wal-Mart.  To the extent a response is required, Wal-Mart denies the allegations contained in Paragraph 8 of the First Count of the Complaint.

9.      Wal-Mart states that no response is required to the allegations contained in Paragraph 9 of the First Count of the Complaint, as same set forth conclusions of law, and not statements of fact. To the extent a response is required, Wal-Mart denies the allegations contained in Paragraph 9 of the First Count of the Complaint.

10.      Wal-Mart states that no response is required to the allegations contained in Paragraph 10 of the First Count of the Complaint, as same set forth conclusions of law, and not statements of fact. To the extent a response is required, Wal-Mart denies the allegations contained in Paragraph 10 of the First Count of the Complaint.

**WHEREFORE** Wal-Mart denies that Plaintiff is entitled to the relief requested in the First Count of the Complaint.

## SECOND COUNT
### (Failure to Obtain Consent)

11.     Wal-Mart states that no response is required to the allegations contained in Paragraph 11 of the First Count of the Complaint, as same set forth conclusions of law, and not statements of fact. To the extent a response is required, Wal-Mart denies the allegations contained in Paragraph 11 of the First Count of the Complaint.

12.     Wal-Mart states that no response is required to the allegations contained in Paragraph 12 of the First Count of the Complaint, as same set forth conclusions of law, and not statements of fact. To the extent a response is required, Wal-Mart denies the allegations contained in Paragraph 12 of the First Count of the Complaint.

**WHEREFORE** Wal-Mart denies that Plaintiff is entitled to the relief requested in the Second Count of the Complaint.

BARTON GILMAN LLP
*Attorneys for Defendant Walmart Inc.*

By:     _____
Til J. Dallavalle

Dated: May 16. 2023

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

Wal-Mart denies they were guilty of negligence, which was the proximate cause of the damage alleged to have been sustained by the Plaintiff.

## SECOND SEPARATE DEFENSE

Any damages or injuries sustained by Plaintiff were due to the negligence of other parties or entities or third parties over whom Wal-Mart exercised no control, direction or supervision, and for whose actions Wal-Mart is not responsible.

## THIRD SEPARATE DEFENSE

Wal-Mart adopts by reference all separate defenses heretofore or hereafter plead by other defendants in this action except to such separate defenses as may make any allegation against Wal-Mart.

## FOURTH SEPARATE DEFENSE

Nothing done or omitted to be done by Wal-Mart was the proximate cause of the injuries for which Plaintiff brings this suit.

## FIFTH SEPARATE DEFENSE

Wal-Mart violated no duty to the Plaintiffs or any party during any time referenced in the Complaint.

## SIXTH SEPARATE DEFENSE

Plaintiff is barred from recovery pursuant to principles of comparative and contributory negligence; the precise acts of such negligence will be determined through further investigation and discovery, and by examination and cross-examination of the various witnesses at the time of trial.

## SEVENTH SEPARATE DEFENSE

If not barred by principles of comparative and contributory negligence, any award to Plaintiff should be mitigated by the percentage of its fault as determined by the trier of fact.

## EIGHTH SEPARATE DEFENSE

Wal-Mart reserve their right to amend this answer to assert additional separate defenses upon the completion of an investigation now being conducted, and upon the completion of the scheduled discovery.

## NINTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## TENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the entire controversy doctrine.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## TWELFTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands and/or fraud.

## THIRTEENTH SEPARATE DEFENSE

Any duty owed to the Plaintiff by Wal-Mart was discharged.

## FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff fails to state a claim for which relief can be granted.

## FIFTEENTH SEPARATE DEFENSE

Wal-Mart shall be entitled to dismissal with prejudice of all allegations against it upon Plaintiff's failure to provide a proper Affidavit of Merit pursuant to N.J.S.A. 2A:53A-26 to Wal-Mart, for failure to state a claim upon which relief may be granted.

## SIXTEENTH SEPARATE DEFENSE

Wal-Mart is immune from liability by virtue of N.J.S.A. 2A:62A-16 for the acts and/or omissions alleged by Plaintiff.

## SEVENTEENTH SEPARATE DEFENSE

The injuries alleged to have been sustained by plaintiff were caused by pre-existing conditions over which Wal-Mart had no control.

## EIGHTEENTH SEPARATE DEFENSE

This court lacks jurisdiction over the subject matter of this action.

## NINETEENTH SEPARATE DEFENSE

Wal-Mart asserts the defense of release and satisfaction.

## TWENTIETH SEPARATE DEFENSE

The Complaint is barred or limited by insufficiency of process and/or insufficiency of service of process.

## TWENTY-FIRST SEPARATE DEFENSE

The Complaint failed to properly identify and/or name the proper defendants.

## TWENTY-SECOND SEPARATE DEFENSE

The Complaint filed to join an indispensable party pursuant to Rule 4:28-1.

## TWENTY-THIRD SEPARATE DEFENSE

Plaintiff assumed the risk inherent in the activities engaged in.

## TWENTY-FOURTH SEPARATE DEFENSE

Any damages recovered are to be reduced by any benefits from collateral sources pursuant to N.J.S.A. 2A:15-97.

## TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff's condition was the direct and proximate result of the natural degenerative changes of the human body and occurred despite appropriate intervention by Defendant.

### TWENTY-SIXTH SEPARATE DEFENSE

Wal-Mart demands credit for any and all payments by way of insurance or other medical benefits by plaintiff as against any award made as a result of this action.

### TWENTY-SEVENTH SEPARATE DEFENSE

Any damages must be reduced by the doctrine of "avoidable consequences."

### TWENTY-EIGHTH SEPARATE DEFENSE

At all times relevant, Wal-Mart complied with all applicable laws, regulations and standards.

**WHEREFORE**, Wal-Mart denies that Plaintiff is entitled to the relief requested in the Complaint and demands judgment in its favor, dismissing the Complaint against it with prejudice, together with Wal-Mart's attorney's fees and costs of suit.

BARTON GILMAN LLP
*Attorneys for Defendant Walmart Inc.*

By: _____
Til J. Dallavalle

Dated: May 16. 2023

### CROSSCLAIMS

Wal-Mart, by way of crossclaims against defendants JOHN/JANE DOES 1-10 and ABC CORPORATIONS 1-10, alleges and states:

### COUNT ONE

### CROSSCLAIM FOR CONTRIBUTION

1.    While denying that Wal-Mart is in any way obligated under the claim for relief asserted by Plaintiff against them, demand is hereby made by Wal-Mart against JOHN/JANE DOES 1-10 and ABC CORPORATIONS 1-10, pursuant to provisions of the New Jersey Joint

Tortfeasors Contribution Act, <u>N.J.S.A.</u> 2A:53A-1 <u>et</u> <u>seq.</u> and the New Jersey Comparative Negligence Act, <u>N.J.S.A.</u> 2A:15-5.1 <u>et</u> <u>seq.</u>

2.      The parties against whom this crossclaim is asserted are obligated under the terms and provisions of the aforesaid New Jersey statutes for their pro rata share of any judgment entered in favor of Plaintiff.

3.      Wal-Mart is entitled to a determination of the percentage share of responsibility of all tortfeasors whose fault contributed to Plaintiff's claimed injuries and damages, as the obligation, if any, of Wal-Mart to respond in damages should not exceed its percentage share of responsibility.

**<u>COUNT TWO</u>**

**<u>CROSSCLAIM FOR INDEMNIFICATION</u>**

While denying that Wal-Mart is in any way obligated under the claims for relief asserted by Plaintiff against it, Wal-Mart alleges that:

1.      Any obligation imposed upon Wal-Mart to respond in damages to the Complaint could only be as a result of operation of law based upon liability that is technical, imputed, or implied, whereas the actual fault and negligence is against the party or parties against whom this crossclaim is asserted.

2.      Any obligation of Wal-Mart to respond in damages is based upon a breach of duty whereas the cause of its failure to act was that of the party or parties against whom this crossclaim is asserted.

3.      Any liability asserted against Wal-Mart was passive, whereas the active and primary cause of any injuries, damages or losses which may have been sustained by Plaintiff are a result of the parties against whom this crossclaim is asserted.

**WHEREFORE**, Wal-Mart demands judgment in their favor against co-defendants JOHN/JANE DOES 1-10 and ABC CORPORATIONS 1-10, for such sum or sums of money, if any, as may be found in this action in favor of Plaintiff and against Wal-Mart or for any settlement made, together with interest, costs, and Wal-Mart's attorney's fees and costs.

BARTON GILMAN LLP
*Attorneys for Defendant Walmart Inc.*

By:    _____
Til J. Dallavalle

Dated: May 16, 2023

## ANSWER TO ALL CROSS-CLAIMS

Wal-Mart denies each and every allegation of any and all cross-claims and claims for contribution and/or indemnity filed against them or to be filed against them in this action.

BARTON GILMAN LLP
*Attorneys for Defendant Walmart Inc.*

By:    _____
Til J. Dallavalle

Dated: May 16, 2023

## DEMAND FOR AFFIDAVIT OF MERIT

Wal-Mart hereby demands that Plaintiff provide an Affidavit of Merit pursuant to N.J.S.A. 2A:53A-27.

BARTON GILMAN LLP
*Attorneys for Defendant Walmart Inc.*

By:    _____
Til J. Dallavalle

Dated: May 16, 2023

## REQUEST FOR ALLOCATION

If any defendant settles prior to verdict, Wal-Mart shall seek an allocation of negligence and/or fault against the settling defendant(s). Wal-Mart will seek this allocation whether or not Wal-Mart has formally filed a crossclaim against the settling defendant(s). Wal-Mart shall rely upon all evidence, including the direct and cross-examination of Plaintiff and Plaintiff's expert witnesses and any and all other witnesses at the time of trial in support of this allocation and specifically reserve the right to call any and all such witnesses. All parties are being apprised of this pursuant to the position of the Court in *Young v. Latta*, 123 N.J. 584 (1991) and subsequent legal authority.

BARTON GILMAN LLP
*Attorneys for Defendant Walmart Inc.*

By: _____
Til J. Dallavalle

Dated: May 16, 2023

- 10 -

## **CERTIFICATION OF SERVICE**

I hereby certify that on this date, I caused to be served via the Court's ECF system, a true and correct copy of the foregoing Answer and Defenses, CrossClaims for Contribution and Indemnification, Answer to All Cross-Claims and Request for Allocation on:

> Justin A. Meyers, Esq.
> Law Offices of G. Martin Meyers, P.C.
> 35 West Main Street, Suite 106
> Denville, NJ 07834
> *Attorneys for Plaintiff*

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

_____
Til J. Dallavalle

Dated: May 16, 2023