<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CAROL D. LEVINE**,<br><br>     Plaintiff,<br><br>     v.<br><br>**WALMART INC.,** *et al.*,<br><br>     Defendants. | Civil Action No. 23-cv-02303 (ZNQ) (DEA)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

  **THIS MATTER** comes before the Court upon a Motion for Remand by Plaintiff Carol D. Levine ("Plaintiff") (ECF No. 5), a Motion for Extension of Time to Serve an Affidavit of Merit by Plaintiff ("Motion for Extension", ECF No. 9), and a Cross Motion for Summary Judgment by Defendant Walmart Inc. ("Walmart") (ECF No. 11). The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **DENY** the Motion to Remand, **GRANT** the Motion for Extension, and **DENY** the Cross Motion for Summary Judgment.

**I.  <u>BACKGROUND</u>**

 **A. Factual Background**

  On or about December 24, 2013, Plaintiff commenced a civil action in the Superior Court of New Jersey, Law Division, Warren County. ("Compl.") In the Complaint, Plaintiff alleges that

she suffered injuries to her left shoulder and upper arm from negligent administration of a vaccine at Defendants' Phillipsburg, New Jersey location on March 28, 2021.  *Id.*

The initial Complaint alleges that the administering pharmacist improperly made an intramuscular injection to the wrong location in Plaintiff's arm.   Since receiving the vaccine, Plaintiff has experienced constant pain and partial paralysis of her left shoulder.  Plaintiff has been diagnosed with adhesive capsulitis, nerve impingement, and a rotator tear cuff in her left shoulder and arm.  She has been advised that as she is not a suitable candidate for surgery, and that she must live with this pain and immobility for life.

### B. Procedural Background

On April 26, 2023, Walmart filed a Notice of Removal. (ECF No. 1) In their Answers, Defendants specifically pled both failure to state a claim and failure to serve an Affidavit of Merit, pursuant to N.J.S.A. 2A:53A–27.  *Id*.

## II.   JURISDICTION

This Court has subject matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332 given the diversity of the parties and the amount in controversy.

## III.   LEGAL STANDARD

### A. Motion to Remand

Federal district courts have original diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states.  28 U.S.C. § 1332(a).

Section 1447(c) states that a case removed from state court "shall be remanded . . . [i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).  When determining if an action should be remanded, a district court must

focus on the operative complaint at the time the petition for removal was filed. *Group Hospitalization & Medical Services v. Merck-Medco Managed Care, LLP.*, 295 F. Supp. 2d 457, 461–62 (D.N.J. 2003). If a complaint raises no question of federal law, a district court may exercise subject matter jurisdiction only if the amount in controversy exceeds the value of $75,000 and complete diversity exists among the adverse parties. 28 U.S.C. § 1332(a); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 83–84 (2005). A court's determination of the amount in controversy "must be based on the plaintiff's complaint at the time the petition for removal was filed." *See Werwinski* (quoting *Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard*, 809 F.2d 1006, 1010 (3d Cir. 1987)). "[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). Additionally, when calculating the amount in controversy, attorney's fees must be considered if such fees are available to successful plaintiffs.

The Supreme Court has established the standard for determining whether the required amount in controversy has been adequately alleged—the sum claimed by the plaintiff controls as long as it was made in good faith. *Huber v. Taylor*, 532 F.3d 237, 243 (3d. Cir. 2008) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)).

**B. Motion for Extension**

In professional malpractice state claims, New Jersey plaintiffs are required to provide an affidavit from an appropriate licensed professional attesting to the merit of plaintiff's claims. *Palanque v. Lambert Wooley*, 168 N.J. 398, 404 (2001). The Affidavit of Merit Statute requires "plaintiffs to make a threshold showing" of merit, *Vitale v. Carrier Clinic, Inc.*, 409 Fed. Appx. 532, 533 (3d Cir. 2010) (citation omitted), in order "to dispose of meritless malpractice claims

early in the litigation" and "to allow meritorious claims to move forward unhindered." *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 274 (3d Cir. 2002) (quoting *Burns v. Belafsky*, 166 N.J. 466, (2001)).

This requirement was intended by the Legislature to curtail frivolous litigation without preventing access to the courts for meritorious claims. The purpose of this statute is "[t]o require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation." *In re Hall by and Through Hall*, 147 N.J. 379, 391, (1997). Under the statute, an affidavit should be filed within sixty days of the filing of the answer. "However, if provided within sixty-one to 120 days after the answer is filed, the affidavit will be deemed timely so long as (1) leave to file is sought and (2) good cause is established." *Paragon Contrs., Inc. v. Peachtree Condo. Ass'n*, 202 N.J. 415, 422, 997 A.2d 982 (2010) (citing *Burns*). The Affidavit of Merit Statute provides:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J.S.A. 2A:53A-27.

A plaintiff's failure to serve an appropriate Affidavit of Merit within 120 days of filing the answer is considered tantamount to the failure to state a cause of action, subjecting the complaint to dismissal. *See* N.J.S.A. 2A:53A-29.

The Affidavit of Merit Statute permits an extension of time "not to exceed [sixty] days" for "good cause[.]" *Id.*

### C. Cross Motion for Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if supported by evidence such that a reasonable jury could return a verdict in the non-movant's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251–52 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Kaucher v. County of Bucks*, 455 F.3d 418, 422–23 (3d Cir. 2006). A fact is material if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *Anderson*, 477 U.S. at 248; *Kaucher*, 455 F.3d at 423. In determining whether a genuine dispute of material fact exists, the Court must view the facts and all reasonable inferences drawn from those facts "in the light most favorable to the [non-movant]." *Matsushita*, 475 U.S. at 587–88. A movant for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). *See In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) ("When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party."). If the movant has shown an absence of material factual dispute, the non-movant then bears the burden to "designate specific

facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted).

Although a motion for summary judgment may not be granted by default merely because it goes unopposed, *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990), the motion may be granted if the undisputed facts warrant judgment as a matter of law, *Miller v. Ashcroft*, 76 F. App'x 457, 462 (3d Cir. 2003); *Houston v. Twp. of Randolph*, 934 F. Supp. 2d 711, 723 (D.N.J. 2013), *aff'd*, 559 F. App'x 139 (3d Cir. 2014).

IV.    **DISCUSSION**

   A. Motion for Remand

      **Amount in Controversy**

In her Complaint, Plaintiff does not specify her damages. ("Compl.") She is unwilling to stipulate to a recovery capped at $75,000. (ECF No. 1 ¶¶ 13-14.) The controlling issue, therefore, is whether a reasonable reading of the Complaint shows that the value of her claim exceeds $75,000.

Plaintiff alleges that she sustained "serious, severe, permanent, and disabling injuries, including, but not limited to, bilateral ulnar nerve entrapment of both the right and left upper extremity." (Compl.) As a result of her injuries, she "has undergone surgery to both upper extremities, [suffered] physical pain and mental anguish and suffered a severe and permanent shock to her nervous system, all or some of which may continue into the future." (*Id*. ¶ 24.) She seeks recovery for past and future: pain and suffering, loss of the enjoyments of life, medical expenses, and loss of earnings. (*Id*. ¶¶ 28-31.)

In her Motion, Plaintiff argues that there is, at best, a 50% chance of recovering more than $75,000, which amounts to a mere possibility that the amount in controversy for diversity

jurisdiction will be met. (ECF No. 5-1 ¶ 3.) She contends that a mere possibility that the amount in controversy might exceed the statutory threshold is not sufficient to warrant removal based (*Id.*) (citing *Diaz v. Pruenal,* 2022 U.S. Dist. LEXIS 74630, at *8 (D.N.J. Apr. 22, 2022) (amount in controversy requirement not met where the complaint did not allege the amount plaintiff sought to recover)).

In opposition, Defendant maintains that Plaintiff's descriptions of her injuries as serious and permanent satisfy the jurisdictional threshold. (ECF No. 7 ¶ 5.) Further, the Complaint's demand for punitive damages could multiply any amount awarded as compensation for the subject injuries. (*Id.* ¶ 9.) (citing *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)).

Based on a reasonable reading of the Complaint, the Court finds that the value her claims to be more than $75,000, especially where, as here, Plaintiff is unwilling to stipulate that damages are capped at $75,000 and acknowledges she may recover more than the threshold amount. Plaintiff claims permanent injuries that impair her earning capacity as well as medical expenses and damages for pain in suffering. the latter serve as key indicators that potential damages will likely exceed $75,000. *See Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998); *see also Wishnia*, Civ. No. 19-6483, 2019 WL 1147931, at *3 (D.N.J. Mar. 12, 2019). Consequently, the Court will deny Plaintiff's Motion to Remand.

### B. Motion for Extension

Plaintiff did not serve an Affidavit of Merit on Defendant Walmart within sixty days of the filing of its answer.

Plaintiff's Motion attaches a Proposed Affidavit and seeks the 60-day extension possible under the statute that would render her Affidavit timely. To show the required good cause, Plaintiff argues her counsel was confused with respect to the deadline to file the Affidavit in light of her

co-pending Motion to Remand. She also argues that some delay was attributable to Defendant's Answer which failed to supply any information identifying the pharmacist who injected her and Plaintiff had difficulty herself identifying the pharmacist.

In response, Walmart argues that its Answer, filed after the Motion to Remand, expressly included a demand for an Affidavit of Merit. This should have resolved Plaintiff's counsel's confusion. Walmart also notes that the need for an Affidavit was again raised at the parties' status conference on July 20, 2023. Defendant argues that, under the circumstances, Plaintiff fails to meet the good cause standard exception.

Further, Walmart claims it has already been prejudiced by Plaintiff's failure to timely serve an Affidavit of Merit, in that the administering pharmacist no longer works for Walmart, which has complicated its ability to compare her background and licensure to Plaintiff's testifying expert.

Here, while Plaintiff's counsel could have demonstrated greater diligence in pursuing an Affidavit of Merit, the Court is nevertheless satisfied that good cause has been shown. The good cause threshold is a low burden to meet, and counsel's inadvertence can be enough. *See Szemple v. University of Medicine and Dentistry of New Jersey*, 162 F. Supp. 2d 423, 429 (D.N.J. 2016). Moreover, Walmart's claimed prejudice is minor, if any. The Court is confident that through the exercise of usual and customary investigative efforts, Walmart can obtain the pharmacist's background information and licensure details. *See Jansson v. Fairleigh Dickinson Univ.*, 486 A.2d 920, (App. Div. 1995) ("We believe that in the absence of demonstrable prejudice it is neither necessary nor improper to visit the sins of the attorney upon his blameless client.")

For these reasons, the Court will grant the Motion seeking an extension for Plaintiff to serve an Affidavit of Merit. Insofar as Plaintiff has attached her proposed Affidavit of Merit to

her Motion that was filed within the 60-day extension, the Court deems the Affidavit of Merit timely filed.

### C. Cross Motion for Summary Judgment

Insofar as the Court will grant Plaintiff the additional sixty days to serve her Affidavit of Merit, the Court finds that Plaintiff complied with the statute. Therefore, Walmart's Motion for Summary Judgment premised on her failing to do so will be denied.

### V. CONCLUSION

For the reasons stated above, the Court will deny the Motion for Remand, grant the Motion for Extension, and deny the Cross Motion for Summary Judgment. A corresponding Order follows.

Date: December 28, 2023

/s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**